```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION  :
BOARD, etc.,                          :
                        Plaintiff,    :   13cv6705 (DLC)
              -v-                     :   13cv6719 (DLC)
                                      :   13cv6721 (DLC)
MORGAN STANLEY & CO., et al.,         :   13cv6726 (DLC)
                                      :   13cv6727 (DLC)
                        Defendants.   :   13cv6731 (DLC)
                                      :   13cv6736 (DLC)
And other NCUA Actions.               :
-------------------------------------X


UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
-------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION  :
BOARD, etc.,                          :
                        Plaintiff,    :   11cv2340 (JWL)
              -v-                     :   11cv2649 (JWL)
                                      :   12cv2591 (JWL)
RBS SECURITIES, INC., f/k/a GREENWICH :   12cv2648 (JWL)
CAPITAL MARKETS, INC., et al.,        :   13cv2418 (JWL)
                                      :
                        Defendants.   :
                                      :
And other NCUA Actions.               :
-------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED: 3/27/15
```

```
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
----------------------------------------X
NATIONAL CREDIT UNION ADMINISTRATION     :
BOARD, etc.,                             :
                           Plaintiff,    :
              -v-                        :    11cv5887 (GW)
                                         :    11cv6521 (GW)
RBS SECURITIES, INC., f/k/a GREENWICH    :
CAPITAL MARKETS, INC., et al.,           :
                                         :    ORDER
                           Defendants.   :
                                         :
And other NCUA Actions.                  :
----------------------------------------X
```

HON. DENISE COTE, HON. JOHN W. LUNGSTRUM, and HON. GEORGE H. WU, District Judges; and HON. JAMES P. O'HARA, Magistrate Judge:

RBS requests in a March 24, 2015 letter that NCUA add eight new custodians and produce fourteen outstanding loan files. NCUA submitted an opposition letter on March 26. RBS's applications are denied.

NCUA's actions against RBS, filed on behalf of failed corporate credit unions, encompass thirty-seven securitizations backed by more than 200,000 loans. Forty-nine of those loans ("49 Loans") were originated by Navy Federal Credit Union ("Navy Federal"). After origination, Navy Federal sold those 49 Loans to Charlie Mac LLC ("Charlie Mac"). Charlie Mac's parent, U.S. Central, then re-sold the 49 Loans to RBS's sponsor affiliate.

RBS securitized the 49 Loans originated by Navy Federal into Harborview Mortgage Loan Trust ("HVMLT") 2007-4 and sold a certificate backed by these loans to WesCorp, one of four failed

2

corporate credit unions for which NCUA is the liquidating agent. The 49 Loans constituted about 2% of the loans backing the purchased certificate. NCUA has brought suit based on that certificate, among others, against RBS (and other defendants) in California (the "WesCorp Action").

U.S. Central, which briefly held the 49 Loans, is another one of the four failed credit unions for which NCUA acts as a liquidating agent. NCUA has also filed actions arising from the certificates bought by U.S. Central. Those actions are pending in Kansas and are brought against RBS and other defendants.

The WesCorp Action was filed on July 18, 2011. Since early 2014, the actions brought by NCUA on behalf of the four failed credit unions have been coordinated among our three Courts. The April 9, 2014 Master Discovery Protocol ("MDP") entered in these coordinated actions required the parties to use best efforts to agree on a list of document custodians by April 18, 2014, although it provided that the parties could request, and negotiate in good-faith, the supplementation of custodians. MDP § 8(c)-(d). The MDP also called for the parties to have substantially completed document production by October 31, 2014. Id. § 12(a). Pursuant to the MDP, fact discovery is to be completed by July 17, 2015. Id.

In April 2014, NCUA agreed to produce documents from three U.S. Central custodians with responsibilities related to Charlie

3

Mac in addition to five other U.S. Central custodians. NCUA substantially completed its document production in these actions in October 2014. In that production, it provided RBS with over 600,000 documents from the eight U.S. Central custodians. NCUA also searched for all of the 49 Loan Files originated by Navy Federal and has produced thirty-five of them.

A November 21, 2014 Order -- entered by our Courts in response to a November 14 request from defendants for additional document discovery -- stated that a party may make a request for further targeted production of documents if (1) it represents that it has substantially completed review of produced documents and uncovered material deficiencies; (2) it explains why the request is timely and could not have been made earlier; and (3) it represents that it has exhausted the meet and confer process on the issue. The principles underlying the imposition of those three requirements on requests for further document production apply with equal force to requests for new document custodians.

RBS has not shown that its March 24, 2015 request is reasonable or timely. At their core, these actions concern the representations made by the defendants in the Offering Documents about the mortgage loans backing the securitizations. Those representations include descriptions of the origination process. Charlie Mac did not originate the 49 Loans; Navy Federal did. While Charlie Mac briefly held the 49 Loans, to the extent

4

evidence from Charlie Mac's files may be relevant to the issues at stake here, RBS has not shown that the designation of three U.S. Central custodians was inadequate to accomplish that task. Increasing the number of U.S. Central document custodians from the eight already designated to sixteen is unwarranted. The request would impose excessive burdens and costs on the parties to this litigation and is entirely out of proportion to the role played by Charlie Mac. It is noteworthy that defendants in these actions at one time advocated for imposing a threshold on their duty to search for files related to <u>originators</u> whose loans are in a supporting loan group to originators who contributed <u>more than 10%</u> of the loans.

The RBS request is also untimely. To address the timing of this request, RBS asserts that the Second Amended Complaint ("SAC") placed in issue certain representations made by U.S. Central when it sold the loans to RBS. The SAC was filed last November. Moreover, RBS has been aware of the representations made by U.S. Central to RBS concerning the 49 Loans since RBS purchased the loans. The filing of the SAC has not made those representations more relevant.

In addition to seeking eight new custodians, RBS also requests that NCUA be ordered to explain (1) the precise contours of its search for fourteen outstanding loan files for U.S. Central loans underlying the HVMLT 2007-4 offering, and (2)

5

what happened to those fourteen files.  RBS has not shown that there is any reason to believe that NCUA's search for files has been less than diligent.  Accordingly, it is hereby

ORDERED that RBS's March 24 requests are denied.


Dated: March 27, 2015        ___/s/ Denise Cote_____
                                    United States District Judge


Dated: March 27, 2015        ___/s/ George H. Wu_____
                                    United States District Judge


Dated: March 27, 2015        ___/s/ John W. Lungstrum_____
                                    United States District Judge


Dated: March 27, 2015        ___/s/ James P. O'Hara_____
                                    United States Magistrate Judge