SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK I0036-6522

———

TEL: (2I2) 735-3000

FAX: (2I2) 735-2000

www.skadden.com

DIRECT DIAL
(2I2) 735-7852
DIRECT FAX
(9I7) 777-7852
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

June 17, 2015

**BY ECF**

The Honorable Denise L. Cote
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable George H. Wu
United States District Court for the
  Central District of California
312 North Spring Street
Los Angeles, California 90012-4701

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
  District of Kansas
500 State Avenue, Suite 517
Kansas City, KS 66101

Re:    *NCUA v. UBS Securities LLC*, 12-cv-2591 (JWL-JPO) (D. Kan.)
        *NCUA v. UBS Securities LLC*, 13-cv-6731 (DLC) (S.D.N.Y.)
        *NCUA v. Wachovia Capital Markets, LLC*, No. 11-cv-2649 (JWL-JPO) (D. Kan.)
        *NCUA v. Wachovia Capital Markets, LLC*, No. 13-cv-6719 (DLC) (S.D.N.Y.)
        *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 12-cv-2648 (JWL-JPO) (D. Kan.)
        *NCUA v. Credit Suisse Sec. (USA) LLC*, No. 13-cv-6736 (DLC) (S.D.N.Y.)
        *NCUA v. Morgan Stanley & Co. Inc.*, No. 13-cv-2418 (JWL-JPO) (D. Kan.)
        *NCUA v. Morgan Stanley & Co. Inc.*, No. 13-cv-6705 (DLC) (S.D.N.Y.)
        *NCUA v. Goldman, Sachs & Co.*, No. 11-cv-6521 GW(JEMx) (C.D. Cal.)
        *NCUA v. Goldman, Sachs & Co.*, No. 13-cv-6721 (DLC) (S.D.N.Y.)
        *NCUA v. Barclays Capital, Inc.*, No. 12-cv-2631 (JWL-JPO) (D. Kan.)
        *NCUA v. Barclays Capital, Inc.*, No. 13-cv-6727 (DLC) (S.D.N.Y.)
        *NCUA v. RBS Securities Inc.*, No. 11-cv-2340 (JWL) (D. Kan.)
        *NCUA v. RBS Securities, Inc.*, No. 11-cv-5887 GW(JEMx) (C.D. Cal.)
        *NCUA v. RBS Securities, Inc.*, No. 13-cv-6726 (DLC) (S.D.N.Y.)

June 17, 2015
Page 1

Dear Judges Cote, Lungstrum, O'Hara and Wu:

We write on behalf of Defendants[1] in the above-referenced actions to seek clarification regarding the applicable disclosure deadline under the Master Discovery Protocol ("MDP") for any loss causation expert reports.  Because Judge Cote previously ruled in the *Morgan Stanley* action that a loss causation defense is not available to Defendants under the Illinois and Texas Blue Sky statutes (which are the only claims still at issue in the New York actions), this request relates solely to the Kansas and California actions.[2]

By this application, Defendants do not seek any extensions of the expert discovery schedule.[3]  Rather, Defendants' request for clarification relates to the proper staging of loss causation expert reports.  Pursuant to the MDP, affirmative expert reports under the present schedule are due on August 14, 2015 and rebuttal expert reports are presently due on October 16, 2015.  *See* MDP § 11(a).  As set forth below, Defendants respectfully submit that their loss causation expert reports, which will necessarily rely, at least in part, on NCUA's re-underwriting expert's results (which are due on August 14, 2015 under the present schedule), should be due on the date for rebuttal reports (presently October 16, 2015).  NCUA disagrees with Defendants' position.

*First*, Section 11(a) of the MDP requires "submissions of expert reports by the party bearing the burden of proof on an issue on August 14, 2015, rebuttal expert reports on October 16, 2015, and any reply expert reports on November 20, 2015."  MDP § 11(a).  Although Defendants bear the burden of proof on affirmative defenses, loss causation expert reports, which will respond to NCUA's damages expert report, are more properly viewed as "rebuttal" reports. For this reason alone, Defendants respectfully submit that such reports should be due on the rebuttal date.  *See* MDP § 11(a).

*Second*, Section 11(c) of the MDP provides that "[i]f Defendants have re-underwritten the NCUA sampled loans, Defendants shall submit any expert reports regarding that re-underwriting on October 16, 2015."  MDP § 11(c).  Defendants anticipate that their loss causation experts will use as part of their analysis a control group comprised of NCUA sampled loans that are not found to be defective by the parties' respective re-underwriting experts. *See FHFA v. Nomura Hldg. Am., Inc.*, No. 11 Civ. 6201 (DLC), 2015 WL 539489, at *11 (S.D.N.Y. Feb. 10, 2015) (holding that Nomura's loss causation expert could not simply rely on loans that FHFA's re-underwriting expert had re-underwritten and found did not contain material defects, and requiring Nomura's re-underwriting expert affirmatively to opine that those loans were free

---

[1] The RBS Defendants join in this letter solely as it pertains to the requested relief.

[2] *See NCUA v. Morgan Stanley & Co., Inc.*, No. 13 Civ. 6705 (DLC), 2014 WL 1673351, at *3 (S.D.N.Y. Apr. 28, 2014); *NCUA v. Morgan Stanley & Co., Inc.*, No. 13 Civ. 6705 (DLC), 2014 WL 1909499, at *2 (S.D.N.Y. May 13, 2014). Defendants respectfully disagree that a loss causation defense is unavailable under the Texas and Illinois Blue Sky statutes.

[3] The UBS and Credit Suisse Defendants and NCUA are submitting separate letter briefing regarding a revised schedule in light of the recently reinstated claims in their Kansas actions.

June 17, 2015
Page 2

of defects).[4]  Thus, as Defendants' loss causation expert reports may involve re-underwriting of NCUA sampled loans, under Section 11(c) of the MDP, those reports should be due on October 16, 2016.

     *Finally*, to the extent the Courts interpret the MDP as requiring Defendants to submit their loss causation expert reports on the deadline for affirmative expert reports, Defendants respectfully request that the MDP be modified to allow those reports to be submitted on the rebuttal date.  Staggering NCUA's re-underwriting and Defendants' loss causation expert reports is the only way to ensure that Defendants' loss causation experts are afforded the opportunity to use an NCUA sampled loan benchmark where there is no dispute as to the quality of the loans.  Denying Defendants the opportunity to submit such a loss causation analysis – based not on the qualifications of the expert or reliability of the testimony, but on a mere scheduling issue – would materially prejudice Defendants.

     Defendants therefore respectfully request that the Courts confirm that Defendants' loss causation expert reports are due on the rebuttal date.

     Respectfully submitted,

     */s/ Scott D. Musoff*

     Scott D. Musoff

cc: All counsel of record

---

[4]  Defendants do not concede that *Nomura*, which is not binding on Judges Lungstrum, O'Hara and Wu, is applicable to these actions.  However, in an abundance of caution, Defendants are preparing to offer affirmative evidence that NCUA sampled loans are free of defects.