SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(212) 735-7852
DIRECT FAX
(917) 777-7852
EMAIL ADDRESS
SCOTT.MUSOFF@SKADDEN.COM

September 28, 2015

**Via ECF (S.D.N.Y. and D. Kan.) and E-mail (C.D. Cal.)**

The Honorable Denise L. Cote
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY  10007

The Honorable John W. Lungstrum
The Honorable James P. O'Hara
United States District Court for the
 District of Kansas
500 State Avenue, Suite 517
Kansas City, KS  66101

The Honorable George H. Wu
United States District Court for the
 Central District of California
312 North Spring Street
Los Angeles, CA  90012

Re: *NCUA v. UBS Securities LLC*, No. 12-cv-2591 (JWL-JPO) (D. Kan.)
    *NCUA v. UBS Securities LLC*, No. 13-cv-6731 (DLC) (S.D.N.Y.)
    <u>*NCUA v. Morgan Stanley & Co. Inc.*, No. 13-cv-6705 (DLC) (S.D.N.Y.) (Lead Case)</u>

Dear Judges Cote, Lungstrum, O'Hara and Wu:

We write on behalf of the UBS Defendants ("UBS") in connection with the potential spoliation by Western Corporate Federal Credit Union ("WesCorp") of certain materials and to request that the Courts order NCUA to produce a Rule 30(b)(6) witness to testify about those materials. Because this potential spoliation involves WesCorp materials and there are no WesCorp certificates at issue in any of the New York actions, this request relates only to the Kansas and California actions.

During his deposition, William Eberhardt, the former Director of Investment Credit Services at WesCorp, testified that a large number of relevant documents relating to originators and servicers, including counterparty reviews, were lost or destroyed during the summer of 2009, after WesCorp had been conserved. (*See e.g.*, Ex. A, Eberhardt Dep. Tr. Vol. I, 246:16-247:5 (testifying that a tremendous amount of information disappeared from his files in the summer of 2009); *id*. 244:9-16 (testifying that counterparty, servicer and issuer reviews were among the lost or destroyed files); *id*. 249:5-15 (testifying that written reviews of broker-dealers and underwriters could have been destroyed).) Mr. Eberhardt, who was responsible for maintaining written reports of issuer, servicer and originator reviews (*see* Ex. B, Sidley Dep. Tr., Vol. I, 244:21-245:3), was unable to ever locate these materials and believes that they were destroyed (*see id.* 244:5-7).[1]

Mr. Eberhardt also testified that he used a personal computer to conduct business while working at WesCorp and that he created and saved deal spreadsheets and memoranda on that computer. (*See* Ex. A, Eberhardt Dep. Tr. Vol. I, 29:5-17.) According to Mr. Eberhardt, the computer was destroyed years ago, probably during the summer of 2012. (*Id*. 29:18-30:3.) Mr. Eberhardt also testified that in the summer of 2012, he destroyed copies of credit memos that he wrote during his time at WesCorp and had kept at home. (*See id*. 27:9-24.)[2] Thus, it is clear from Mr. Eberhardt's testimony and WesCorp's production that relevant WesCorp documents are missing and likely have been destroyed.

Accordingly, on June 16, 2015, UBS sent a letter to NCUA requesting certain information relating to the materials that Mr. Eberhardt testified had been lost or destroyed in or around summer 2009.[3] (Ex. F.) The parties subsequently engaged in a meet-and-confer and,

---

[1] Even though Mr. Eberhardt claimed during the second day of his deposition that he "may have misspoken" the prior day, he continued to testify that originator and servicer files had been destroyed, and that counterparty reviews could have been among the files that had been destroyed. (*See* Ex. C, Eberhardt Dep. Tr. 416:11-13, 499:18-500:3.)

[2] WesCorp's production of credit memos and credit-related documents appears to be incomplete. To that end, on June 29, 2015, UBS identified certain documents that it had been unable to locate in WesCorp's production, including certain credit-related documents. (Ex. D.) NCUA confirmed by letter dated August 4, 2015 that it had been unable to locate any of the missing documents. (Ex. E.) The hard copy and electronic memoranda that Mr. Eberhardt destroyed in or after summer 2012 could have included these missing documents.

[3] The June 16 letter specifically asked NCUA to identify: (i) exactly which materials were lost or destroyed, (ii) the contents of those materials, (iii) when those materials were lost or destroyed, and (iv) all individuals with knowledge of the contents of those materials and/or the circumstances of their disappearance. UBS also requested that NCUA produce or identify all litigation hold notices that would have directed the preservation of the missing materials and produce records reflecting when Mr. Eberhardt purchased a new computer replacing the one(s) that he used while employed at WesCorp or Western Bridge Corporate Federal Credit Union. (Ex. F.)

following that meet-and-confer, UBS sent an email to NCUA asking that, as a first step, it identify any preservation obligations or litigation holds in place at the time the documents were lost or destroyed and the identity of any person who removed or destroyed the materials. (Ex. G.)  As explained to NCUA, such information would assist UBS in determining what, if any, additional steps to take in connection with the destroyed materials. NCUA, however, refused, and continues to refuse, to provide any of the information requested by UBS other than to state that "[a] litigation hold was issued to WesCorp in September 2009," which was purportedly after the materials were destroyed. (*Id.*)[4]

Although UBS is not seeking spoliation sanctions at this time,[5] NCUA has *admitted* that there was a litigation hold in place at WesCorp prior to the destruction of Mr. Eberhardt's personal computer. Moreover, UBS has a good-faith basis to believe that NCUA and/or WesCorp anticipated litigation by spring 2009, if not prior to conservatorship, and thus, had an obligation to preserve documents prior to summer 2009. For example, public statements by former NCUA Chairman Michael Fryzel indicate that, prior to conservatorship, NCUA anticipated litigation against WesCorp officers and directors in connection with WesCorp's RMBS purchases. (*See* Ex. L.) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

In light of the foregoing, and NCUA's repeated refusal to provide any information regarding the lost or destroyed materials or engage in good-faith discussions, UBS respectfully requests an order requiring NCUA to produce a Rule 30(b)(6) witness to testify about the issues raised in this letter and the questions raised in UBS's prior letters. UBS also requests that the Court order NCUA to produce (i) all litigation hold notices that would have directed the preservation of the missing materials and (ii) records reflecting when Mr. Eberhardt purchased a new computer.[6]

---

[4] NCUA initially agreed to meet-and-confer on this issue, then demanded during the meet-and-confer that UBS put narrow initial requests in writing, then refused to substantively answer those requests until UBS responded to NCUA's June 30, 2015, letter. (*See* Exs. G, H.) When UBS responded, NCUA informed UBS that it had been willing to discuss these issues informally, but that there was no longer any basis to discuss these issues in light of UBS's response. (Exs. I, J.) Thereafter, on September 1, 2015, UBS asked NCUA whether it would produce a 30(b)(6) witness in lieu of answering UBS's initial questions. (Ex. K.) NCUA and UBS met and conferred on September 9, 2015, and NCUA informed UBS during the meet and confer that it refused to provide a 30(b)(6) witness, and that the parties were at an impasse on this issue.

[5] If, in light of the 30(b)(6) witness' testimony, UBS ultimately decides to seek spoliation sanctions, UBS requests the opportunity to fully brief the issue.

[6] UBS reserves the right to request additional materials following the 30(b)(6) deposition.

Respectfully submitted,

Scott D. Musoff

cc: All counsel of record (via ECF)