IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union,<br><br>Plaintiff,<br>v.<br>UBS SECURITIES LLC,<br><br>Defendant. | Case No. 13-CV-6731 (DLC) |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union,<br><br>Plaintiff,<br>v.<br>CREDIT SUISSE SECURITIES (USA) LLC, et al.,<br><br>Defendants. | Case No. 13-CV-6736 (DLC) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2016

## STIPULATION AND [PROPOSED] PRETRIAL SCHEDULING ORDER

Plaintiff, National Credit Union Administration Board ("NCUA"), as Liquidating Agent of Southwest Corporate Federal Credit Union and Members United Corporate Federal Credit Union, and Defendant UBS Securities, LLC ("UBS") in action No. 13-CV-6731 and Defendants Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage Securities Corp. (collectively, "Credit Suisse") in action No. 13-CV-

6736 (collectively, "Defendants," and, together with NCUA, the "Parties" or, individually, a "Party") hereby stipulate and agree as follows:

WHEREAS, the trials in these actions are scheduled to begin on June 20, 2016;

WHEREAS, pursuant to the Court's Individual Practice in Civil Cases 5(A), absent order from this Court, the Parties must file a Joint Pretrial Order in each action within 30 days from the date for the completion of discovery;

WHEREAS, pursuant to paragraph 12 of the April 9, 2014 Master Discovery Protocol governing these actions, expert discovery was to be completed on January 15, 2016, and, thus, absent further order of this Court, the Joint Pretrial Orders would be due February 16, 2016;

WHEREAS, pursuant to the Court's Individual Practice in Civil Cases 5(A) the Joint Pretrial Orders must contain, *inter* alia, lists of exhibits, designations of deposition testimony, lists of trial witnesses, and stipulations of law and fact;

WHEREAS, pursuant to the Court's Individual Practice in Civil Cases 5(B), absent further order of this Court, the Parties must file motions *in limine*, as well as requests to charge and proposed *voir dire* questions in a jury case, by February 16, 2016;

WHEREAS, the Parties agree that a pre-trial schedule for the exchange of deposition designations, witness lists, exhibit lists, preliminary instructions, requests to charge, and proposed *voir dire* questions, will aid the pretrial process;

WHEREAS, the Parties have met and conferred concerning a schedule for the exchange of certain materials and a modified schedule for the submission of the materials required by this Court's Individual Practices that tracks, in substantial part, the

Stipulation and Order approved and entered by this Court in *FHFA v. Nomura*, No. 11-CV-6201 (DLC), ECF No. 1093 (1/15/15);

**IT IS HEREBY STIPULATED AND AGREED:**

I. The Parties in each action shall submit a Joint Pretrial Order pursuant to this Court's Individual Practices on May 27, 2016.

II. Each Party may submit a pretrial memorandum of law on May 27, 2016, if the Party believes it would be useful to the Court pursuant to this Court's Individual Practice Rule 5(B)(ii).

III. Each of the exchanges described in paragraphs IV through X shall be made between the Parties in the above-captioned actions separately. For the avoidance of doubt, each of the exchanges described in paragraphs IV through X shall be made between NCUA and UBS in action No. 13-CV-6731 and between NCUA and Credit Suisse in action No. 13-CV-6736.

IV. For proposed trial exhibits:

   a. The Parties in each action shall exchange lists, in Microsoft Excel format, of exhibits to be offered in their cases in chief[1] on April 21, 2016.

   b. The Parties' lists of exhibits shall include, for each exhibit (1) a proposed trial exhibit number; (2) the beginning and ending Bates Number of the exhibit; and (3) a brief objective/generic description of the exhibit.

   c. The Parties shall exchange objections to proposed exhibits on May 2, 2016, consistent with the requirements of the Court's Individual Practice Rule 5(A)(x).

   d. The Parties shall indicate in their trial exhibit lists which documents are or are part of: (1) loan origination files; (2) servicing records; (3) underwriting guidelines or matrices; or (4) other materials relied on by their re-underwriting experts in connection with findings or rebuttal findings.

   e. The Parties need not include in their trial exhibit lists: (1) demonstrative exhibits; (2) summaries, charts, or calculations presented pursuant to

---

[1] Throughout this Stipulation and [Proposed] Pretrial Scheduling Order, "case in chief" refers to the part of a trial in which a party presents evidence to support a claim or defense on which it bears the burden of proof. For clarity, case in chief does not refer to the part of a trial in which a party presents evidence in response to the other party's case in chief. The parties understand this usage of case in chief to be the same as the usage of that term in the Court's Individual Practice Rule 5(A)(x).

3

Federal Rule of Evidence 1006; (3) documents used solely as a basis for demonstrative exhibits or summaries, charts, or calculations; (4) other than the documents of the type listed in sub-paragraph IV(d), documents relied on by an expert that a Party does not intend to introduce into evidence; and (5) exhibits to be used only on cross examination. Nothing in this sub-paragraph (e) excluded from the designation process shall bear on the admissibility of any evidence at trial.

    f. The Parties' submission of exhibits to the Court in the format required by the Court's Individual Practice Rule 5(A)(x) does not waive any objections asserted pursuant to paragraph IV.

V. For deposition designations:

    a. The Parties shall exchange deposition designations to be offered in their cases in chief on April 8, 2016, in a format to be agreed on by the Parties.

    b. The Parties shall exchange objections to deposition designations, and shall serve deposition counter-designations, on May 4, 2016.

    c. The Parties shall exchange objections to deposition counter-designations on May 11, 2016.

    d. The Parties shall make their objections using the codes attached hereto as Exhibit 1, but do not concede that all objections listed in Exhibit 1 are valid objections to the admissibility of deposition testimony at trial.

VI. For lists of trial witnesses:

    a. The Parties shall exchange lists of trial witnesses on May 2, 2016.

    b. The Parties' lists of trial witnesses shall, for each witness:

        (1) state whether the Party "will" or "may" call the witness at trial;
        (2) state whether the witness will testify in person or by deposition; and
        (3) provide a brief summary of the substance of the witness's testimony.

VII. For proposed stipulations of law and fact:

    a. The Parties shall exchange proposed stipulations or agreed statements of fact or law no later than April 8, 2016.

    b. The Parties shall meet and confer regarding these proposals between April 8 and April 22, 2016.

    c. The Parties shall exchange final proposed stipulations or agreed

statements of fact or law no later than April 22, 2016.

VIII. For requests to charge (including proposed preliminary jury instructions):

   a. The Parties shall exchange proposed requests to charge on May 2, 2016.

   b. The Parties shall meet and confer regarding the proposed requests to charge between May 2 and May 13, 2016.

   c. The Parties shall exchange final proposed requests to charge on May 13, 2016.

   d. The Parties shall submit their final proposed requests to charge to the Court on May 27, 2016, indicating those portions of the other side's proposed requests to which they agree and those to which they do not agree.

IX. For *voir dire* questions:

   a. The Parties shall exchange proposed questionnaires for the venire on May 2, 2016.

   b. The Parties shall meet and confer regarding the proposed questionnaires between May 2 and May 13, 2016.

   c. The Parties shall exchange final proposed questionnaires on May 13, 2016.

   d. The Parties shall jointly submit a proposed questionnaire to the Court on May 27, 2016, indicating those portions of the questionnaire to which they agree and those to which they do not agree.

   e. The Parties shall separately submit any additional proposed *voir dire* questions on May 27, 2016.

X. For proposed verdict forms:

   a. The Parties shall exchange proposed verdict forms on May 13, 2016.

   b. The Parties shall meet and confer regarding the proposed verdict forms between May 13 and May 20, 2016.

   c. The Parties shall exchange final proposed verdict forms on May 20, 2016.

   d. The Parties shall submit their final proposed verdict forms to the Court on May 27, 2016, indicating those portions of the other side's proposed requests to which they agree and those to which they do not agree.

XI. For motions *in limine*:

  A. The Parties in each action may file motions *in limine*, excluding any *Daubert* motions, on or before May 6, 2016.

  B. The Parties shall file any opposition to such a motion *in limine* no later than 14 days after that motion is filed.

  C. The Parties shall file any reply in support of such a motion *in limine* no later than 7 days after the opposition to that motion is filed.

  D. Each such motion *in limine* and each opposition thereto shall be no more than 5 single-spaced pages, each reply shall be no more than 2 single-spaced pages, and all motion papers shall be in the form of letters to the Court.

  E. All motion *in limine* materials shall be filed initially under seal. Within three weeks of the sealed filing, the Parties shall agree upon appropriate redactions to all motion *in limine* materials, and file a redacted version of each motion *in limine* document.

XII. For *Daubert* motions:

  A. The Parties in each action may file *Daubert* motions on or before April 1, 2016.

  B. The Parties shall file any opposition to a *Daubert* motion no later than 21 days after that motion is filed.

  C. The Parties shall file any reply in support of a *Daubert* motion no later than 14 days after the opposition to that motion is filed.

  D. All *Daubert* motion materials shall be filed initially under seal. Within three weeks of the sealed filing, the Parties shall agree upon appropriate redactions to all *Daubert* motion materials, and file a redacted version of each *Daubert* motion document.

XIII. The Parties reserve and do not waive all other rights and objections regarding the above, including, without limitation, the right to supplement and amend their lists of trial exhibits, proposed deposition designations, trial witnesses, proposed requests to charge, and proposed *voir dire* questions.

So ordered.

*[signature]*
7/3/16

Dated: New York, New York
February 3, 2016

STIPULATED AND AGREED

*Henry J. Ricardo* /AEG-

Erik Haas
Peter W. Tomlinson
Henry J. Ricardo
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2000
Fax: (212) 336-2222
ehaas@pbwt.com
pwtomlinson@pbwt.com
hjricardo@pbwt.com

David H. Wollmuth
Frederick R. Kessler
Steven S. Fitzgerald
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel.: (212) 382-3300
Fax: (212) 382-0050
dwollmuth@wmd-law.com
fkessler@wmd-law.com
sfitzgerald@wmd-law.com
rkane@wmd-law.com

Norman E. Siegel
Rachel E. Schwartz
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
schwartz@stuevesiegel.com

David C. Frederick
Wan J. Kim
Gregory G. Rapawy
Andrew C. Shen
Andrew E. Goldsmith
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
dfrederick@khhte.com
wkim@khhte.com
grapawy@khhte.com
ashen@khhte.com
agoldsmith@khhte.com

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9760
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
Greg G. Gutzler
Robert L. King
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com
ggutzler@koreintillery.com
rking@koreintillery.com

*Attorneys for Plaintiff National Credit Union Administration Board*

7

*Richard W. Clary* /AEG
Richard W. Clary
Michael T. Reynolds
Lauren A. Moskowitz
Omid Nasab
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
rclary@cravath.com
mreynolds@cravath.com
lmoskowitz@cravath.com
onasab@cravath.com

*Attorneys for Defendants Credit Suisse Securities (USA) LLC and Credit Suisse First Boston Mortgage Securities Corp.*

*Robert A. Fumerton* /AEG
Jay B. Kasner
Scott D. Musoff
Robert A. Fumerton
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
jay.kasner@skadden.com
scott.musoff@skadden.com
robert.fumerton@skadden.com

*Attorneys for Defendant UBS Securities LLC*

## SO ORDERED:

_____
**U.S.D.J.**

8

EXHIBIT 1

Codes for Objections to Deposition Designations

| CODE | OBJECTION |
|---|---|
| A | Argumentative |
| AC | Attorney commentary/exchange |
| AF | Assumes facts not in evidence |
| BE | Best evidence rule |
| CD | Compound |
| CN | Calls for Narrative |
| DI | Designation incomplete; incomprehensible |
| ID | Improper use of inadmissible document |
| IH | Incomplete hypothetical |
| LC | Calls for a legal conclusion |
| LF | Lacks foundation |
| MIL | Subject to the Court's ruling on or a pending *in limine* motion |
| MT | Misstates prior testimony (mischaracterization) |
| NR | Non-responsive |
| O | Overly broad |
| S | Outside of the scope of affirmative designations (objection to counter-designations only) |
| 30(b)(6) | Outside of the scope of the FRCP 30(b)(6) deposition topics for which witness was designated |
| V | Vague and ambiguous |
| FRE 401 | Relevance |
| FRE 403 | Unduly prejudicial, confusing, misleading, delay, waste of time, or cumulative |
| FRE 501 | Privileged |
| FRE 602 | Lack of personal knowledge; calls for speculation |
| FRE 611 | Leading |
| FRE 701 | Improper opinion by lay witness |
| FRE 702 | Improper opinion by expert |

EXHIBIT 1

| FRE 802 | Hearsay |
|---------|---------|