# KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

February 9, 2016

*Via ECF*

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:     *NCUA v. UBS Securities LLC,* No. 13-6731 (S.D.N.Y.)

Letter to Judge Cote
February 9, 2016
Page 2

Dear Judge Cote:

    We write on behalf of NCUA, as liquidating agent, regarding UBS's February 5, 2016 request to stay briefing and consideration of all summary judgment motions in this action, but for one: the motion filed by UBS (and Credit Suisse) that same day regarding prejudgment interest ("PJI Motion"). UBS represents (at 1-2) that it "continues to believe that it would ultimately succeed in its defense of the New York Action." Despite that purported conviction, UBS states (at 2) that it "is prepared to offer judgment" to NCUA under Rule 68 "based on" the Court's ruling on the PJI Motion. Because UBS has not made any Rule 68 offer to NCUA, and has not shown that a stay is either necessary or appropriate, NCUA respectfully opposes that request.

    In deciding whether to grant a stay, courts should consider "the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Range v. 480-486 Broadway, LLC*, 2015 WL 7444834, at *3 (2d Cir. Nov. 24, 2015) (per curiam; alteration in original). UBS bears the burden of establishing the need for a stay. *Luv N' Care, Ltd. v. Regent Baby Prods. Corp.*, 2014 WL 572524, at *2 (S.D.N.Y. Feb. 13, 2014). "If there is even a fair possibility" that the stay "will work damage to some one else," UBS "must make out a clear case of hardship or inequity in being required to go forward." *Id.*

    UBS has failed to meet its burden. NCUA filed five summary judgment motions in the UBS action on February 5, 2016. If all of these motions are stayed until after the Court resolves UBS's PJI Motion, then briefing on NCUA's motions would not be completed before late May or June. That would prejudice the Court, which would be pressed to rule on them before trial on June 20, 2016. And it also would prejudice NCUA's ability to prepare for trial: NCUA will not know until the eve of trial which issues have been resolved by the Court, and NCUA will need to submit summary judgment reply briefs at the same time as numerous pretrial exchanges, reports, and other motions. *See* ECF No. 242 (pretrial scheduling deadlines).

    UBS provides no assurance that it will be unnecessary to resolve NCUA's summary judgment motions or to proceed to trial. UBS states (at 2) that it "is prepared to offer judgment" after the Court rules on the PJI Motion. That language appears to leave open the possibility that UBS may change its mind about whether to offer judgment – for example, if it is dissatisfied with the Court's ruling on the PJI Motion.[1] And, even if the Court assumes that UBS has made an express and legally enforceable commitment to offer judgment, it is far from clear what that offer will be, let alone whether it would be acceptable to NCUA. UBS states (at 2) that, "[w]ith the exception of the damages calculation," its future offer to NCUA would be "substantially the same as the offer of judgment made by RBS." Those are significant caveats that contain significant ambiguity. The "damages calculation" is a key part of the remedy NCUA seeks in this action; and it is not clear what UBS intends to offer that is "substantially the same" in its view (and hence, somewhat different) than the Rule 68 offer from RBS that NCUA accepted at a different (much earlier) stage in this coordinated litigation.

---

[1] Such a concern is exacerbated by UBS's prior litigation conduct. In entering into a tolling agreement with NCUA as to these RMBS actions, UBS made an express promise not to plead the statute of limitations as to the time covered by the tolling agreement, but then did so anyway when it perceived an advantage in changing its mind. *See NCUA v. UBS Sec., LLC*, 2015 WL 3407863, at *5-7 (D. Kan. May 27, 2015) (Lungstrum, J.).

Letter to Judge Cote
February 9, 2016
Page 3

UBS errs in claiming (at 2) that its prospective offer of judgment to NCUA, whatever it may be, "will moot the parties' remaining summary judgment motions with respect to UBS." Just last month, the Supreme Court ruled that an offer of judgment that provides the plaintiff with complete relief does not moot a case. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Under the plain language of Rule 68, it is the plaintiff's written *acceptance* of a properly presented offer that results in the entry of judgment. Fed. R. Civ. P. 68(a). By contrast, "[a]n unaccepted offer is considered withdrawn" and has no effect (except for potential shifting of costs). Fed R. Civ. P 68(b); *see Campbell-Ewald*, 136 S. Ct. at 671. A plaintiff has no obligation to accept a Rule 68 offer; and as discussed above, NCUA cannot properly evaluate a Rule 68 offer until it has been made. NCUA must undergo a certain process to evaluate a formal Rule 68 offer, as well as to consider the PJI ruling upon which such an offer might be based. A stay based on UBS's assertion that its not-yet-written offer will be acceptable is premature and unwarranted.

Nor has UBS even attempted to make out a "clear case of hardship or inequity" that justifies a stay. *Luv N' Care*, 2014 WL 572524, at *2. UBS has known of the schedule in this case since April 2014, and suffers no prejudice from adhering to it. Especially because UBS avers (at 1-2) that "it would ultimately succeed in its defense of the New York Action," it suffers no harm from allowing the case to proceed as scheduled so that it has that opportunity to prevail on the merits. UBS also has known of how NCUA's experts have calculated NCUA's damages since August 2015. UBS could have made a Rule 68 offer months ago, just as RBS did in September 2015; and it still can make such an offer at any time (up to at least 14 days before trial, Fed. R. Civ. P. 68(a)). *Accord* 9/18/15 Hearing Tr. at 3 (noting that "defendants have had about a month to look at whatever those reports said" and "now is the next critical time" because "you have the ability to run some numbers and do some risk analysis"). UBS apparently would prefer to review the Court's PJI ruling before making a Rule 68 offer so that it can determine whether it has some basis to make a lower offer of monetary damages to NCUA than RBS did.[2] But UBS's litigation preference does not establish a "clear case of hardship or inequity," especially because UBS could have filed the PJI Motion months ago and instead chose to wait until the last possible date to do so.

Any "hardship or inequity" favors NCUA, not UBS. UBS has known for weeks that NCUA was preparing a number of summary judgment motions to file on February 5, 2016. *E.g.*, ECF No. 241. UBS chose to wait until shortly before those motions were filed to propose for the first time that *UBS's responses* to those motions should be stayed. Notably, UBS has made no similar offer or request as to the coordinated action in Kansas, where UBS continues to litigate substantially similar claims. Later this year, the parties will file substantially similar summary judgment motions in that court. UBS would gain an unjustified tactical advantage by previewing NCUA's motions, while holding back its responses. Moreover, UBS seeks to stay as to itself this Court's consideration of the same consolidated summary judgment motions that the Court must decide as to Credit Suisse. That produces no efficiencies for the Court or NCUA, and appears designed only to prevent UBS from being held to the consequences of any adverse rulings. There is nothing equitable about UBS's one-sided proposal, and it does not justify a stay.

---

[2] RBS's offer of judgment in the amount of $129.6 million was based on the highest damages figures set forth in NCUA's damages expert report, which was calculated using pre-judgment interest rates and a pre-judgment calculation methodology that UBS disputes in its PJI Motion.

Letter to Judge Cote
February 9, 2016
Page 4


/s/ David C. Frederick

| | |
|---|---|
| David C. Frederick | David H. Wollmuth |
| Wan J. Kim | Frederick R. Kessler |
| Gregory G. Rapawy | Steven S. Fitzgerald |
| Andrew C. Shen | Ryan A. Kane |
| KELLOGG, HUBER, HANSEN, TODD, | WOLLMUTH MAHER & DEUTSCH LLP |
|  EVANS & FIGEL, P.L.L.C. | 500 Fifth Avenue, 12th Floor |
| Sumner Square | New York, NY 10110 |
| 1615 M Street, N.W., Suite 400 | Tel: (212) 382-3300 |
| Washington, D.C. 20036 | Fax: (212) 382-0050 |
| Tel: (202) 326-7900 | dwollmuth@wmd-law.com |
| Fax: (202) 326-7999 | fkessler@wmd-law.com |
| dfrederick@khhte.com | sfitzgerald@wmd-law.com |
| wkim@khhte.com | rkane@wmd-law.com |
| grapawy@khhte.com | |
| ashen@khhte.com | |

George A. Zelcs
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
Fax: (312) 641-9751
gzelcs@koreintillery.com

Stephen M. Tillery
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Tel: (314) 241-4844
Fax: (314) 241-3525
stillery@koreintillery.com




*Attorneys for Plaintiff National Credit Union Administration Board*