SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

February 10, 2016

**BY ECF**

The Honorable Denise L. Cote
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      RE:    *NCUA v. UBS Securities LLC*, No. 13-cv-6731 (DLC) (S.D.N.Y.)

Dear Judge Cote:

      On behalf of UBS Securities LLC ("UBS"), we write in response to NCUA's February 9, 2016 letter opposing UBS's request that the Court rule on the Defendants' Motion for Partial Summary Judgment on the Proper Calculation of Prejudgment Interest ("PJI Motion") while holding in abeyance the parties' other respective summary judgment motions (as they relate to UBS).

      As a threshold matter, NCUA's contention that UBS's February 5, 2016 letter "leave[s] open the possibility that UBS may change its mind about whether to offer judgment" is incorrect. In the February 5, 2016 letter, UBS states that it will make an offer of judgment once the Court rules on the PJI Motion <u>regardless of the outcome of that motion</u>. Indeed, as set forth in that letter, UBS is committed to offering judgment at the prejudgment interest rate and methodology the Court finds applicable and, for the purposes of its offer, UBS does not challenge the other

The Honorable Denise L. Cote
February 10, 2016
Page 2

positions NCUA takes with respect to damages in its expert reports, including its treatment of the NCUA Guaranteed Note Program as a disposition. Additionally, to avoid any further confusion, the non-monetary terms of UBS's offer of judgment will be identical to those offered by RBS and accepted by NCUA, save for textual edits to reflect the relevant dates, parties, circumstances, etc.

In its letter, NCUA also relies on *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) to contend that UBS's offer of judgment will not moot the remaining summary judgment motions. This is incorrect. *Campbell-Ewald* held only that an offer of judgment to satisfy an individual named plaintiff's claim does not render a class action moot where the offer lapsed before the plaintiff accepted it. The case nowhere suggests, as NCUA appears to argue, that an individual plaintiff seeking money damages is no longer required to accept an offer of judgment that provides the maximum damages to which it would be entitled after trial. Indeed, *Campbell-Ewald* did not disturb long-standing Second Circuit precedent holding that where an offer of complete relief is made to an individual plaintiff, the Court should enter judgment against the defendant in that amount.[1] Moreover, the Second Circuit has expressly held that once the Court determines the maximum amount to which a plaintiff is entitled, that amount is the appropriate damages figure for the purposes of an offer of judgment and "nothing of significance remain[s] to adjudicate." *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 93-94 (2d Cir. 2007).[2] Accordingly, after the Court enters judgment at the maximum amount it determines NCUA may recover, all of the remaining summary judgment motions will be mooted.

Finally, NCUA contends that UBS will receive an "unjustified tactical advantage" in the Kansas Action by "previewing NCUA's motions" if the Court were to hold in abeyance the UBS-related summary judgment motions. Putting aside that the summary judgment motions in Kansas will involve different credit unions, different statutes and a different factual record, UBS is entitled to offer judgment at any time "at least 14 days prior to trial." Fed. R. Civ. P. 68. Under the case law

---

[1] *See Bank v. Carribean Cruise Line*, Inc., 606 F. App'x 30, 31 (2d Cir. 2015); *Hepler v. Abercrombie & Fitch Co.*, 607 F. App'x 91, 92 (2d Cir. 2015); *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 93 (2d Cir. 2007); *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005); *see also Tanasi v. New All. Bank*, 786 F.3d 195 (2d Cir. 2015) ("Absent [the parties'] agreement, however, the district court should not enter judgment against the defendant if it does not provide complete relief."). Indeed, in *Campbell-Ewald*, the Supreme Court expressly upheld *Tanasi*. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016).

[2] As there will be nothing left to adjudicate, and no reason for the New York Action to proceed to trial, NCUA's concerns regarding the summary judgment schedule are misplaced.

The Honorable Denise L. Cote
February 10, 2016
Page 3

described above, courts should enter offers of judgment that provide the maximum relief allowable under the applicable law, as determined by the trial court. Accordingly, it is NCUA – not UBS – that is seeking a "tactical advantage" by attempting to continue the proceedings in New York after UBS has committed to offer the complete relief to which NCUA is entitled.[3]  It is otherwise inexplicable why NCUA – which here serves as a fiduciary to two credit unions that have no interest whatsoever in the Kansas Action – is insisting on further litigation when UBS will make an offer of judgment for the full relief to which those credit unions are entitled.  *See McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 341 (2d Cir. 2005) (plaintiff has no "legal and cognizable interest in obtaining a judgment that . . . can be used as precedent in future matters" once defendant has made a complete offer of relief).

      For the foregoing reasons, UBS respectfully requests that the Court grant the relief sought in its February 5, 2016 letter and hold in abeyance all other UBS-related summary judgment motions pending the Court's ruling on the PJI Motion.

                                                  Respectfully,

                                                  */s/ Robert A. Fumerton*

                                                  Robert A. Fumerton

cc:       All Counsel of Record (via ECF)

---

[3] *See ABN Amro*, 485 F.3d at 93 ("Where a defendant has consented to judgment for all the relief the plaintiff can win at trial (according to the trial court's determination), the defendant's refusal to admit fault does not justify a trial to settle questions which can have no effect on the judgment." (citing *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983) ("[T]here is no justification for taking the time of the court and the defendant in the pursuit of . . . claims which [the] defendant has more than satisfied."))).